ROBERT C. BLACK and Another, Appellants, *v.* HENRY McALEENAN and Another, Respondents.

*Bill of particulars — what facts relating to a business customer must be stated therein.*

In an action brought to recover a chattel or the value thereof, alleged to have been wrongfully pledged with the defendant by an employee of the plaintiff, who was given the possession thereof for the purpose of showing it to a proposed customer, the plaintiff should not be required to disclose by a bill of particulars, the name, address, business and financial standing of the proposed customer.

APPEAL by the plaintiffs, Robert C. Black and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of February, 1894, requiring the plaintiffs to furnish a further bill of particulars.

In this action, brought to recover the possession of a diamond necklace or the value thereof, the complaint contained, among others, the following allegations :

"That on or about the —— day of May, 1891, the plaintiffs delivered to one James A. Eustice the said diamond necklace referred to in paragraph II of this complaint on memorandum. That by such delivery no title passed to said Eustice, but the title and right to possession of the said diamond necklace remained, and has ever since remained, in these plaintiffs.

"Upon information and belief, on or about the 26th day of May, 1891, the said James A. Eustice voluntarily and without any right,

pledged the said chattel with the defendants, and the said defendants wrongfully detained the said diamond necklace from these plaintiffs, to the damage of these plaintiffs in the sum of one thousand dollars."

The answer denied the allegation in the complaint, and alleged that said Eustice was, at the time of the pledging of the chattel, the owner thereof, and that such chattel was pledged by him as security for money advanced to him which had never been paid.

In pursuance of an order of the Supreme Court the plaintiffs delivered a bill of particulars to the defendants as follows :

" *First.* That the day of May, 1891, on which the plaintiffs claimed to have delivered to one James A. Eustice the diamond necklace referred to in the complaint, was on or about the 26th day of May, 1891.

" *Second.* That the agreement under which said diamond necklace was delivered to said James A. Eustice was that the plaintiffs delivered to the said James A. Eustice the necklace for the purpose of being shown to a proposed customer, the necklace to be returned if not sold to the customer then and there mentioned by him ; and if sold, the price fixed by plaintiffs thereon to be paid."

Thereafter a further order was made directing the plaintiffs to furnish a further bill of particulars, which should state whether James A. Eustice gave to the plaintiffs any description of the proposed customer, and which should also state his name, address, description, business, trade, occupation, · financial standing or responsibility.

*Joseph Fettretch,* for the appellants.

*George C. Comstock,* for the respondents.

PER CURIAM :

The name, address, business and financial standing of the proposed customer are not particulars of the plaintiffs' cause of action, but are merely evidentiary facts which the plaintiffs should not be required to disclose by a bill of particulars. The plaintiffs' right of recovery would not be defeated or affected by the fact that Eustice gave the name of some person as a proposed customer who had not in fact proposed to purchase the necklace.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.